**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-6680**

JEREMY R. LOVE,

    Plaintiff – Appellant,

v.

CORRECTIONAL OFFICER BEASLEY; CORRECTIONAL OFFICER MCCOURT; SERGEANT YOUNG,

    Defendants – Appellees,

and

CORRECTIONAL OFFICER COMILLONI,

    Defendant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, Chief District Judge.  (5:16-ct-03209-BO)

Submitted:  November 26, 2019                                      Decided:  January 6, 2020

Before AGEE, HARRIS, and RICHARDSON, Circuit Judges.

Affirmed in part; vacated and remanded in part by unpublished per curiam opinion.

Jeremy R. Love, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeremy R. Love, a North Carolina inmate, appeals the district court's order granting summary judgment to Defendants on Love's 42 U.S.C. § 1983 (2012) action alleging the use of excessive force in violation of the Eighth Amendment. On appeal, Love argues that summary judgment was improperly granted because genuine issues of material fact exist.

In his declaration in support of his complaint, Love admitted that he initiated a fistfight with Correctional Officer Beasley but alleged that after he was taken to the ground and restrained, Beasley twice punched him in the face. Thereafter, Sergeant Young, Officer McCourt, and another officer took Love to the Sergeant's office. While Love was seated in a chair, Young elbowed Love in the face in retaliation for Love hitting Beasley. Love fell to the floor and was repeatedly kicked and punched in the head, face and body. Beasley denied punching Love after Love was restrained, and Young's and McCourt's affidavits deny that Love was elbowed, kicked or punched while in the Sergeant's office.

> We review de novo a district court's award of summary judgment, viewing the facts and inferences reasonably drawn therefrom in the light most favorable to the nonmoving party. A summary judgment award is appropriate only when the record shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

*Core Commc'ns, Inc. v. Verizon Md. LLC*, 744 F.3d 310, 320 (4th Cir. 2014) (citation and internal quotation marks omitted). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party." *Matherly v. Andrews*, 859 F.3d 264, 279 (4th Cir. 2017) (internal quotation marks omitted). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment." *Anderson v. Liberty*

2

*Lobby, Inc.*, 477 U.S. 242, 255 (1986). "[W]here affidavits present conflicting versions of the facts which require credibility determinations, summary judgment cannot lie." *Raynor v. Pugh*, 817 F.3d 123, 130 (4th Cir. 2016) (internal quotation marks omitted). However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (concluding that video of incident contradicted plaintiff's version of events so "that no reasonable jury could have believed him").

State and federal inmates are protected under the Eighth Amendment from the "unnecessary and wanton infliction of pain" by prison staff. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). "An inmate's Eighth Amendment excessive force claim involves both an objective and a subjective component. The objective component asks whether the force applied was sufficiently serious to establish a cause of action." *Brooks v. Johnson*, 924 F.3d 104, 112 (4th Cir. 2019). "[T]he subjective component . . . asks whether the officers acted with a sufficiently culpable state of mind." *Id.* (internal quotation marks omitted). Only the subjective requirement is at issue in this case as the district court found that Love established the objective prong.

"[T]he 'core judicial inquiry' regarding the subjective component of an excessive force claim is 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Iko v. Shreve*, 535 F.3d 225, 239 (4th Cir. 2008) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). "Among unnecessary and wanton inflictions of pain are those that are totally without penological

3

justification." *King v. Rubenstein*, 825 F.3d 206, 219 (4th Cir. 2016) (internal quotation marks omitted).

We conclude that the district court did not err in finding that Beasley did not punch Love as alleged, because video of the incident confirms Beasley's denial. Thus, the district court was not required to view the facts in the light most favorable to Love because his "version of events is so utterly discredited by the record that no reasonable jury could have believed him." *Scott*, 550 U.S. at 380. Accordingly, we affirm the portion of the district court's order granting summary judgment to Beasley.

Love's declaration is in direct conflict with Young's and McCourt's affidavits as to whether Young elbowed Love and Love was kicked and punched while lying on the floor. Taking the evidence in the light most favorable to Love, *Core Commc'ns, Inc.,* 744 F.3d at 320, the alleged use of force in the Sergeant's office could be considered unnecessary and wanton infliction of pain. The district court, however, questioned Love's version of events, noting that the alleged acts occurred in less than a minute, that Love's injuries could have resulted from his fistfight with Beasley, and that Love failed to mention the alleged attack while at the nurse's station. The court found that Young's and McCourt's acts were taken to restore order.[1] We conclude that, in granting summary judgment to McCourt and Young, the district court improvidently made credibility determinations regarding genuine disputes of material fact based on conflicting sworn statements. *Raynor*, 817 F.3d at 130.

---

[1] In his declaration, Love stated that he suffered no injuries from his fistfight with Beasley and that he did not mention the alleged attack in the Sergeant's office to the nurse because Young was present and he feared another attack.

4

Accordingly, we vacate the grant of summary judgment to Young and McCourt and remand for further proceedings.

Thus, we affirm in part and vacate and remand in part.[2] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid decisional process.

*AFFIRMED IN PART; VACATED AND REMANDED IN PART*

---

[2] We find no merit to Love's contentions on appeal that an allegedly missing video reveals a coverup and that the alleged attacks violated prison policy. *See White by White v. Chambliss*, 112 F.3d 731, 738 (4th Cir. 1997) (violations of state law or policy not cognizable under § 1983).